The bill filed herein seeks to set aside a certain irrevocable deed of trust executed by complainant Thaddeus Farley to defendant, First Camden National Bank and Trust Company, May 29th, 1928, in favor of certain relatives of the donor.
The only grounds upon which the validity of the deed of trust is challenged by the bill are averments that its execution was an act of improvidence on the part of the donor, *Page 273 
and that it was executed by donor without independent advice.
The averments of the bill are clearly inadequate to afford the relief sought. Improvidence in the gift and want of independent advice touching its execution are not alone sufficient to set aside a gift or donative trust of this nature. Except as against creditors a man of adequate mentality is privileged to give away all of his property, if he wishes to do so; and such a man needs no independent advice to sustain that apparently improvident act if the gift be made voluntarily and with full understanding of the transaction and its force and effect. It is the relationship of trust and confidence between the parties which may inspire a dominating influence over the donor which renders the apparent improvidence of the act and the want of independent advice material, in the absence of other equitable ground for relief.James v. Aller, 68 N.J. Eq. 666.
No suggestion is to be found in the bill that a relation of trust and confidence existed between the donor and any of thecestuis que trust, or that he was in any way influenced by any one in the execution of the deed of trust, or that he was not mentally competent to give away his property, or that he did not intend to do so, or that the transaction was not thoroughly understood by him at the time of its execution. Clearly no decree adverse to the trust properly can be based upon the bill in its present form.
But at the hearing testimony was introduced tending to show not only that the gift embraced all of donor's property and was executed without the benefit of independent advice, but also that the deed of trust was the original conception of one of thecestuis que trust, a sister of donor, and was executed at her instance and in reliance upon her and at a time when donor was in a dazed condition and without an understanding of its force or effect. In view of that testimony, which was clearly beyond any issue presented by the bill, I think complainant should be privileged to file an amended bill, and after answer to the amended bill the respective parties should be awarded a hearing on the reframed issues. *Page 274